Nos. 14-3384; 14-3539; 14-3763

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| ANTONIA PERRIS, | ) | **FILED** |
|  | ) | Jan 07, 2015 |
| Plaintiff-Appellant, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | O R D E R |
|  | ) |  |
| CUYAHOGA COUNTY BOARD OF | ) |  |
| DEVELOPMENTAL DISABILITIES, | ) |  |
|  | ) |  |
| Defendant-Appellee. | ) |  |
|  | ) |  |

Before: GUY, SUHRHEINRICH, and KETHLEDGE, Circuit Judges.

The district court granted summary judgment for the defendant, Cuyahoga County Board of Developmental Disabilities ("Cuyahoga"), in this employment discrimination case. Plaintiff Antonia Perris moved to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and for relief from judgment under Federal Rule of Civil Procedure 60(b)(6) (hereafter "the Rule 59(e)/60(b) motion"). The motion was denied. Perris filed an appeal (No. 14-3384), an amended notice of appeal (No. 14-3539), and a supplement to her notice of appeal (No. 14-3763). Cuyahoga moves to strike the amended notice of appeal. Perris opposes the motion. On August 14, 2014, an order was entered directing Perris to show cause why her appeals in Nos. 14-3539 and 14-3763 should not be dismissed for lack of jurisdiction. Parris responds, asking that her three appeals be consolidated and allowed to proceed.

The district court's order granting summary judgment for Cuyahoga was entered on December 11, 2013. Perris's Rule 59(e)/60(b) motion was filed on January 8, 2014, and was timely.

Therefore, the thirty-day time-period in which to appeal the December 11, 2013 judgment was tolled and did not begin to run until March 25, 2014, when the district court disposed of the motion. *See* Fed. R. App. P. 4(a)(4)(A)(iv), (vi). On April 23, 2014, within thirty days of the March 25, 2014 order, Perris filed a timely notice of appeal, docketed as No. 14-3384. The notice designates the appeal as taken from "the Order Denying Motion to Alter/Amend Judgment and 60B Motion for Relief."

On June 3, 2014, Perris filed in the district court an amended notice of appeal, which is docketed here as No. 14-3539. The amended notice of appeal was also filed in No. 14-3384. It designates Perris's appeal as taken from the district court's order granting summary judgment for Cuyahoga and the order denying her Rule 59(e)/60(b) motion. A notice of appeal may not be amended after the time for appeal has expired. The time for appeal expired on April 24, 2014, and the June 3, 2014 amended notice of appeal is late. The timely filing of a notice of appeal in a civil case is a jurisdictional requirement. *Ultimate Appliance CC v. Kirby Co.*, 601 F.3d 414, 415 (6th Cir. 2010); *see Barber v. Bank of Am., N.A.*, 535 F. App'x 512 (6th Cir. 2013). Therefore, we will grant Cuyahoga's motion to strike the amended notice of appeal in No. 14-3384 and dismiss No. 14-3539 for lack of jurisdiction. But this does not mean that Perris is precluded from challenging the underlying judgment for the reasons set forth in her Rule 59(e)/60(b) motion.

Parris's supplemental notice of appeal in No. 14-3763 is taken from the district court's July 14, 2014 minute entry granting Cuyahoga's request to withdraw its motion to strike Perris's amended notice of appeal. The supplemental notice of appeal was filed within thirty days of the minute entry, but "a party seeking to appeal must be 'aggrieved' by the judgment or order from which the appeal is taken." *City of Cleveland v. Ohio*, 508 F.3d 827, 836 (6th Cir. 2007). The minute entry was favorable to Perris insofar as it allowed Cuyahoga to withdraw a motion challenging the timeliness of her amended notice of appeal.

In her response to the show cause order, Perris claims that the district court allowed Cuyahoga to withdraw its motion to strike "without a judicial determination, consideration and/or hearing on the issue of sanctions raised by the filing of Appellant's response." But Perris did not comply with Federal Rule of Civil Procedure 11(c)(1), which requires that a motion for sanctions be made separately from any other motion. Because Perris did not separately move for sanctions, there was no judicial action for the district court to take. Perris was not aggrieved by the judicial action from which she is appealing. Thus, she lacks appellate standing in No.14-3763.

Accordingly, the motion to strike the amended notice of appeal filed in No. 14-3384 is **GRANTED** without prejudice to Perris's right to challenge the underlying judgment for the reasons set forth in her Rule 59(e)/60(b) motion. Case Nos. 14-3539 and 14-3763 are **DISMISSED** *sua sponte* for lack of appellate jurisdiction.

                    ENTERED BY ORDER OF THE COURT

                    Deborah S. Hunt, Clerk